## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

DEREK W. BARRINGER,             )
                                       )
                   Petitioner,        )
        v.                        )  Civil Action
                                         )  No. 08-3311-CV-S-RED-H
MARTY C. ANDERSON, Warden    )
United States Medical Center for     )
Federal Prisoners,                  )
                                       )
                   Respondent.     )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that he has been wrongfully denied jail time credit toward the completion of his federal sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's contentions are without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he was impermissibly denied 10 months of jail time credit, which he has requested against his current federal sentence.

After a Show Cause Order, a Response was filed. In the response, the issue was addressed on the merits; further, respondent asserted that petitioner had not exhausted administrative remedies. Subsequently, petitioner filed a traverse. He then filed a Report to the Court in which he supplied evidence that he has exhausted administrative remedies on this issue. The matter is thus ripe for review.

A review of the record indicates that petitioner is in the custody of the Attorney General,

serving a 41-month term of imprisonment, with a projected release date of May 7, 2009. Petitioner contends that the BOP refused to give him presentence detention jail credit for the period between July 14, 2005 through May 15, 2006, the period of time when he was in federal custody on a federal writ. He asserts that the state of Colorado also refused to give him jail credit for that period of time.

According to respondent, petitioner was indicted on his federal offense, Mailing Threatening Communications with Intent to Injure, while he was serving a Colorado state sentence. Because petitioner was receiving credit on his state sentence when he was sentenced federally, he would receive double credit if he also was awarded 10 months of federal credit, which is against BOP policy.

The law is clear that an individual must be in exclusive federal custody for a federal term to begin at the date of sentencing. 18 U.S.C. § 3585(a). Additionally, a federal prisoner is not entitled to credit on a federal sentence when he has received credit on a state sentence for the same time period. U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 114 S.Ct. 1629 (1994). If a petitioner were allowed federal credit for time spent serving a sentence imposed by a state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b). According to the BOP sentence computation manual, Program Statement 5880.28, time spent in custody under a writ from non-federal custody is not considered for the purpose of crediting federal presentence time.

Petitioner contends that he did not receive any credit against his state sentence for the time period in question. According to a response from the Warden, when he received his 41-month federal sentence, on May 15, 2006, it was to be concurrent with his state sentence in Colorado. At the time of the imposition of that sentence, he was serving a state sentence and receiving credit for that sentence. His state sentence had commenced on June 25, 2004. "Since you were receiving credit on your state sentence at the time the federal sentence was pronounced then it was the

obligation of the state to credit you with day for day jail credit during your federal trial. Double credit is not approved by the Federal Bureau of Prisons." [Respondent's Exhibit 2]. It was also noted that petitioner contended that his release date is October 14, 2009, when in fact it is May 7, 2009, as a Good Conduct Time release.

Having carefully reviewed petitioner's contentions, the Court finds that it must be recommended that the petition for habeas relief be denied. The record indicates that petitioner has received credit towards a state sentence for the time period in question. Therefore, he is not entitled to credit on his federal sentence, and is legally within the custody of the Attorney General at this time. Accordingly, petitioner's contentions in this regard are without merit, and it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.


/s/ James C. England
JAMES C. ENGLAND, CHIEF
UNITED STATES MAGISTRATE JUDGE


Date:   4/13/09